CORINDA WERTHEIM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wertheim v. Commissioner
Docket No. 472-91.
United States Tax Court
T.C. Memo 1992-201; 1992 Tax Ct. Memo LEXIS 224; 63 T.C.M. (CCH) 2664; April 2, 1992, Filed *224 Decision will be entered for respondent. Corinda Wertheim, pro se. Bruce E. Gardner, for respondent. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows:
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)(A)
6653(a)(1)(B)
6654
1987
$ 5,531.00
$ 1,368.00
$ 276.55
50% of the
$ 262.00
interest payable
under sec. 6601
with respect to
entire deficiency
Sec.
6653(a)(1)
1988
5,003.00
1,221.00
$ 250.00
--
317.00
Petitioner resided in Somerset, California, at the time she filed her petition herein. The amounts of the deficiencies stem from the alleged failure of petitioner to file returns for the years involved and to report wages *225 received from the City and County of San Francisco and the San Francisco Unified School District plus interest income from Associates National Mortgage Corporation. The deficiencies were computed by respondent on the basis of the foregoing items of alleged unreported income and the allowance of the standard deduction and one personal exemption. Petitioner maintains that the deficiencies are nothing more than estimated income taxes, the assessment of which is prohibited by section 6201(b)(1) which provides that "No unpaid amount of estimated income tax required to be paid under section 6654 * * * shall be assessed". Based upon this premise, petitioner argues that not only the underlying deficiencies but the additions to tax based thereon are illegal and that respondent's notices of deficiency are invalid and consequently the burden of proof is on respondent. She makes a similar argument in respect of any interest, which may be found to be due, by virtue of section 6601(h) which provides that such section "shall not apply to any failure to pay any estimated tax required to be paid by" section 6654. Petitioner totally misconceives the terms of the notices of deficiency and the applicability *226 of section 6201(b)(1). Although the deficiencies are founded upon respondent's determination of unreported income, based upon available Forms W-2, they do not represent estimated taxes within the meaning of section 6654. They are determinations of the actual income taxes which respondent claims that petitioner should pay, together with the applicable additions to tax. Section 6201(b)(1) originated in section 5 of the Current Tax Payment Act of 1943, ch. 120, 57 Stat. 126, 143, which dealt exclusively with the pay-as-you-go system by way of estimated tax payments. The committee reports make clear that Congress was speaking only in terms of the "estimated tax" and did not intend to restrict respondent's ability to pursue the remedies otherwise available to her to collect taxes due even though based on an estimate made by respondent. See H. Rept. 401, 78th Cong., 1st Sess. 36 (1943), 1943 C.B. 1283, 1310; S. Rept. 221, 78th Cong., 1st Sess. 40 (1943), 1943 C.B. 1314, 1344; H. Conf. Rept. 510, 78th Cong., 1st Sess. 54 (1943), 1943 C.B. 1351, 1370. Thus, it appears that section 6201(b)(1) was inserted into the Code to make certain that *227 respondent could not claim payment of both income taxes and estimated taxes. [2]
The long and short of the matter is that the notices of deficiency are valid and petitioner has the burden of proof as to all matters contained therein. See Rule 142(a). As the record will show, aside from her challenge to the notices, petitioner conceded the substantive elements reflected therein. In any event, her trial memorandum and objection to respondent's trial memorandum focused solely on the estimated tax issue and made no mention of those substantive elements, nor did she indicate when the case was called for trial that she wished to present any evidence in respect thereto. We do not consider *228 petitioner's position as to the effects of section 6201(b)(1) sufficiently meritorious to provide a basis for concluding that she has carried her burden of proof, Rule 142(a), in respect of the additions to tax. In view of the foregoing, Decision will be entered for respondent. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although the interest issue is not before us and its resolution will depend upon the applicability of sec. 6215, we think it appropriate, in the interest of disposing of this proceeding, to observe that sec. 6601(h) had a similar purpose in view of the specific provisions relating to underpayments of estimated tax set forth in sec. 6654.↩